[Civ. No. 8486.   Second Appellate District, Division One.—February 19, 1935.]

G. W. HIGBEY et al., Appellants, v. ASSOCIATED AC-
CEPTANCE CORPORATION (a Corporation), Re-
spondent.

George E. Cryer for Appellants.

E. P. Peers and Alfred Kehde for Respondent.

YORK, J.—This is an appeal from a judgment rendered in an action for money had and received, in which the vendees of certain corporate stock seek to recover from their vendor the amount of partial payments made on three contracts for the purchase of the stock. The action was predicated upon the alleged rescission of the contracts by the vendor. Plaintiffs also appeal from an order denying their motion for a new trial.

The sole question between the parties here is whether or not the contracts were rescinded. None of the contracts was fully paid, but different amounts of cash were paid under each contract, and in each instance promissory notes, secured by a pledge of the stock, were given for the balance due. The same form of contract was used in each instance except as to dates and amounts.

The case really turns upon the correspondence between the parties with reference to the nonpayment of these notes and as to just what was meant by the letter of the defendant in which it was stated: " . . . we will declare the amount you have paid forfeited, and your contracts at an end". Thereafter, defendant wrote plaintiffs another letter, in which it was stated: "Since you have wholly failed to comply with the terms of the contracts heretofore entered into between yourself and the undersigned relative to the purchase of certain stock by the undersigned for your account, you are hereby notified that the undersigned does by this notice declare all of your right, title and interest under and by virtue of said contracts void from this date, and further declare forfeited any amount which you have paid thereon in accordance with the terms of those contracts." To this letter plaintiffs replied as follows: "I agree to your action in cancelling and terminating my order and contract . . . but I do not agree that having terminated the contract you have either a moral or legal right to keep my money already paid on the order to purchase stock."

In its findings the court found that the sales occurred subsequent to May 26, 1931, which was the date of the last letter herein quoted received by plaintiffs from defendant. However, the record does not disclose any irregularity in the sales, and does disclose that the sale in each instance took place strictly in accordance with each and all of the provisions of

the contracts under which the stock was held as collateral security.

The principal objections made by appellants are that the court erred in failing to find on the issue of rescission; that the court erred in failing to find that the respondent did, on May 26, 1931, terminate and rescind the several contracts; that the court erred in its conclusion of law that appellants were not entitled to judgment against respondent, and that it should have ordered judgment for appellants; and that "the court erred in holding that the alleged sale of the pledged stock by respondent 'to itself', 'without notice', was valid".

These objections are not well taken in that the court did make findings sufficient to cover the question of rescission, holding that the contracts were not rescinded, but that they were terminated in accordance with the terms of the contracts themselves. The case was submitted to the trial court under a stipulation covering the facts of the case, which would make it unnecessary for the court to make findings, since the agreed statement of facts would take the place of findings. Nevertheless, there is a general finding made by the court "that all allegations in the complaint of plaintiffs herein inconsistent with the findings of fact herein are untrue; that all allegations in defendant's answer are true".

The judgment is affirmed, and the appeal from the order denying motion for new trial is dismissed.

Conrey, P. J., and Houser, J., concurred.